FILED by _MG_ D.C.

ELECTRONIC

**January 26, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
For the Southern district of Florida

**12-60138-CIV-Williams/Seltzer**

Case No.: 12-_____CIV -

**PAUL GOZALOFF,**
          **Plaintiff,**

     **VS.**

**THE CITY OF HOLLYWOOD,**
**a political subdivision of the State**
**of Florida;**
**JOSEPH SIPLE, Individually, and in his official capacity**
**as police officers of the City of Hollywood, Florida;**
**ALEXANDER CHANG, Individually, and in his official capacity**
**as Police officer of the City of Hollywood, Florida;**
**MATTHEW PETTY, Individually, and in his official capacity**
**as Police officer of the City of Hollywood, Florida;**
**TRAVIS SCHULLER, Individually, and in his official**
capacity as Police officer of the City of Hollywood, Florida;
**WILLIAM CASH, Individually, and in his official**
capacity as Police officer of the City of Hollywood, Florida;
MICHAEL J. SATZ, individually, and in his official
administrative capacity as State Attorney for
the 17th Judicial Circuit of Florida,

        **Defendants.**

_____/

COMPLAINT FOR DAMAGES PRUSUANT TO
Title 42 U.S.C. §1983

                    Paul Gozaloff
                    4157 SW 4 TH Street
                    Plantation, FL,  33317
                    Tel.: (954) 533-0539
                    pgozaloff@gmail.com

1

## COMPLAINT FOR:

## CIVIL RIGHTS VIOLATIONS
(42 U.S.C. §1983)

(1) False Arrest and False Imprisonment
     Unlawful Seizure (All Defendants);
First, Fourth, Fifth, and Ninth Amendments
.......Invasion of Privacy (Within-named
Defendants): First, Fourth, Fifth, and Ninth Amendments, as
recognized in Griswold v. Connecticut;

(2) Excessive Force, Assault and Battery, Torture and
    Mayhem: First, Fourth, Fifth, Ninth and Fourteenth Amendments

(3) Malicious Prosecution and
Conspiracy to Deny  Access to the Courts and to
Justice  by means of:
    False arrest;
    Falsifying Police Reports;
    Filing False Charging Instruments;
    Intimidation of the eye-witness by threat;
    Secreting information otherwise required to
    be disclosed  under Brady v. Maryland; inter
    alia, the identity of an eye witness;

(4)  Perjury in the course of judicial proceedings,
    with obstructing Justice;

(5) Failure to Intervene (each and every Defendant
Police officer);

(6) Failure to Train and Supervise (City of
   Hollywood)
    a.  Failing to Impose Sanctions against police officers
    For persistent use of excessive force, and in maintaining
    A policy that does not allow for punishment of police officers,
    Which policy holds that a citizen does not have a right to resist
    Excessive force and must "fall down and curl up—" and accept
    Whatever torture, mayhem, brutality, or beating that the officer
    May chose to inflict.

2

(7) Michael J. Satz, individually, and in his official
   administrative capacity as State Attorney for
   the 17th Judicial Circuit of Florida, in maintaining
   a practice and policy of refusing to prosecute corrupt
   police officers, or other elite, and maintaining a
   policy and practice of secreting exculpatory evidence
   to assist corrupt police officers avoid punishment,
   and in opting, instead, to prosecute the innocent.

**DEMAND FOR JURY TRIAL**
COMPLAINT FILED: January 26, 2012

**Verified Complaint for Deprivations and
Violations of Civil Rights, Neglect to Prevent the Same, Terrorism,
Failure to Train and Supervise; Negligent and Corrupt
Governmental Practices; Conspiracy to Violate Civil Rights and,
Complaint for Damages and Certain Remedial Actions:**

JURISDICTION:

The jurisdiction of this Court is invoked pursuant to 28 USC §§1331, and

1343(a)(3), and (4); The federal claims for relief arise under the U.S. Constitution,

and Title 42 USC §1983, and 1988;  The pendent jurisdiction of this Court over

Plaintiff's state law claims arise out of a common nucleus of operative fact and is

also invoked.

## III. PARTIES

### A. Plaintiff

1.      The Plaintiff, PAUL GOZALOFF, is a citizen and resident of
Plantation, Florida.

3

## B. Hollywood Defendants

2.      The Defendant, JOESEPH SIPLE, is a citizen and resident of Broward County, Florida, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Hollywood, Florida and was acting under color of state law.

3.      The Defendant, MATTHEW PETTY, is a citizen and resident of Broward County, Florida, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Hollywood, Florida and was acting under color of state law.

4.      The Defendant, ALEXANDER CHANG, is a citizen and resident of Broward County, Florida, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Hollywood, Florida and was acting under color of state law.

5.      The Defendant, WILLAM CASH, is a citizen and resident of Broward County, Florida, and was at all times material to the allegations in this Complaint, acting in his capacity as a Dispatcher employed by the City of Hollywood, Florida and was acting under color of state law.

6.      The Defendant, TRAVIS SCHULLER, is a citizen and resident of Broward County, Florida, and was at all times material to the allegations in this Complaint, acting in his capacity as a Dispatcher employed by the City of Hollywood, Florida and was acting under color of state law.

7.      The Defendant, CITY OF HOLLYWOOD, is a political subdivision of the State of Florida, for which Defendants Siple, Petty, Chang, Cash, Schuller serve as police officers.  City of Hollywood is responsible for the training and supervision of above-named Defendants. The City of Hollywood has established or delegated to Defendants the responsibility for implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of Hollywood regarding arrests and the use of force.

8.      The Defendant, MICHAEL J. SATZ, is the elected state attorney for the 17th Judicial Circuit of Florida and is responsible for establishing policy for the initiating of criminal prosecutions.  The Defendant, Satz, in his administrative capacity has established a two-tiered system for initiating prosecutions:

1) Police officers and other connected political figures, or the wealthy and connected, are exempt from prosecution, except in rare situations where public outrage mandates the initiation of prosecution;

2) All others, including the homeless, the poor, the black, and those without power will be subject to prosecution, even though the prosecution is known to have been brought upon false and altered evidence, and in that event, the police and the agencies bringing such charges on such corrupt evidence will be protected by the secreting of any exculpatory evidence.

## STATEMENT OF FACTS

1.   The Circuit Court Judge, the Honorable Dale C. Cohen, in ruling on a motion before him on December 3rd, 2009, found, and it is so alleged herein, that the Plaintiff, on January 27, 2008 was putting up campaign posters for the presidential candidate, Rudolph William Louis Giuliani, in the City of Hollywood, Florida in the general area of North State Road 7 and Johnson Street, in Broward County, State of Florida.  A friend and co-worker, Dennis Shelter, was also setting out campaign material, and became lost, and when this Plaintiff observed many police cars and innumerable police officers in the area where Shelter was thought to have been, Plaintiff became worried and attempted to inquire of one of the many police officers as to his co-worker.  The police officer initially spoken to was Joseph Siple, the Defendant herein.

2.   The Court found that the police officers told the Plaintiff to get away. The Plaintiff did not interfere with the issuance of a traffic citation, which (according to the police testimony) was the reason for all the police activity, there, at that time, having stopped a young black man for failure to carry his registration, with four (4) back-up marked patrol vehicles and as many police officers acting as back-up.

3.   The Plaintiff was not committing any crime; he had not committed any crime, and he was not about to commit any crime.  There was absolutely no probable cause or reasonable suspicion that the Plaintiff was engaged in any criminal activity.  The Circuit Court Judge found that the Plaintiff had done nothing wrong, and that the seizure of the Plaintiff violated his constitutional rights against unreasonable search and seizure and suppressed certain evidence planted by Defendant Siple, as will be further explained below.

4.   At that time and place, the Defendant police officers, brutally and viciously and mercilessly attacked the Plaintiff and busted Plaintiff's head open on

the concrete and delivered a volley of kicks, fists and shoes to the face and body of the Plaintiff, while grinding his face into the ground and standing, forcefully, on Plaintiff's ankle and his knee in an attempt to cripple or maim the Plaintiff.

5.    The Defendant , Siple, then set about to plant evidence of felony possession of a controlled substance (Xanax) on the Plaintiff.

6.    James Dockery, the young black man being ticketed, was an eye-witness to the entirety of the activity taking place at that time and was then accosted by one or more of the police officers, who asked, according to the deposition testimony of this witness, "if I wanted the same thing to happen to me." In his deposition, Mr. Dockery testified that after being asked that question, he told the police officers: He "was just ready to go home.  I didn't want no problems"

7.    The Defendant police officers then set about to contrive police reports and probable cause affidavits, upon which to falsely prosecute the Plaintiff.  Each such police officer gave testimony that contradicted the other Defendants' testimony, which was observed by Judge Dale Cohen in his Order suppressing the planted and false evidence: "the officers contradicted each other as far as what the other was saying, how loud he was  * * * everything the police officers said was in total contradiction amongst themselves."

8.    The Plaintiff also testified, and the Circuit Court Judge found Plaintiff's testimony "very credible," and the court believed his entire testimony. "that he was merely trying to determine if that was his friend there.  That he didn't raise his voice.  He didn't do anything improper."  This quote by Judge Cohen.

9.    The City of Hollywood has condoned the illegal actions of its police officers for many years, and has refused to even attempt remediation.  The city has utterly failed to train, supervise, or punish such acts of corruption as were demonstrated in this case.

10.    In the instant case, Plaintiff attempted to lodge an Internal Affairs Complaint, but was rebuffed by Internal affairs.  It has since been ascertained that the City of Hollywood maintains a policy of allowing their officers to exercise any force desired to inflict pre-judgment/pre-arrest punishment upon any citizen sought to be arrested, or arrested.  Internal Affairs chief, Forrest Jeffries, testified at the trial of Donald Baker and proclaimed the **policy of the City of Hollywood**, stating that a citizen does not have a right to resist excessive force by a Hollywood police officer and must fall down and curl up as the only means available to him to

6

protect himself . Id., at P. 227, Line 5, et seq.  Additionally, when a complainant files an Internal Affairs Complaint, the City of Hollywood Mirandizes the complainant and uses the IA process as a back-door means of gathering and then suppressing exculpatory evidence.  The procedure employed by Hollywood as to an Internal Affairs Inquiry, in reality, is an interrogation of the complaining person directed toward the prosecution of the victim, complainant, and to protect the corrupt police officer who has used his badge to perfect his sadistic and unconstitutional attacks on the public, and this Plaintiff.

11.    In an effort to secret the identity of the eye-witness to the attack upon the Plaintiff, James Dockery was released and allowed to leave immediately after being intimidated and threatened by the Defendant police officers.  The traffic/warning/citation was intentionally written with the location of the incident being far distant in place than at the location where the beating and torture of the Plaintiff took place.  For more than a year after the attack, the Defendant City of Hollywood, secreted the identity of the Eye-Witness by tendering false information relating to the citation, and rejecting the Brady Evidence requests from the State Attorney's Office.  The State Attorney failed and refused to compel the production of the identity of the <u>Brady</u> witness, because of the State Attorney's continuing policy of refusing to prosecute corrupt police officers, as will be addressed more fully below.

12.    Finally, after many months of secreting the identity of the eye-witness, Circuit Court Judge Dale Cohen had had enough and directed the Defendant Police Officer, CHANG, to appear before him, there, to deliver up the exculpatory evidence theretofore secreted and denied the defense.  However, before the time for his appearance, Defendant CHANG delivered up the information as to the identity of the eye-Witness.

13.    Finally, with the evidence in hand, Judge Cohen held a hearing on Plaintiff's Motion to Suppress, which was granted on December 3, 2009.

14.    The criminal proceedings subsequent to Plaintiff's arrest were terminated in his favor without a plea of guilt or a "bargained for" resolution with the entry of a *nolle prosequi* by the Defendant State Attorney, Michael Satz.

15.    After delivering the devastating beating upon and against the Plaintiff where a large amount of Plaintiff's blood lay on the ground, and being with full knowledge that the Plaintiff's injuries were serious and required professional

medical treatment, the Defendants, and each of them, failed and refused to transport the Plaintiff to the hospital for treatment of his injuries, and instead of being transported to the hospital or to the holding facility at the City of Hollywood Police Department, Plaintiff was taken immediately to the Broward County Jail. The testimony of the police officers, in their efforts to shield themselves from civil or criminal prosecution, or liability, first alleged that Plaintiff was taken to the Hollywood Police Department, then suffered a lapse of memory and could not remember whether Plaintiff was taken to the police department. The Defendants deliberately denied the Plaintiff necessary medical treatment and endangered the life of the Plaintiff by exposing him to the possibilities of complication, infection or other diseases.

16. Each of the within-named Defendants was in a position to cause the brutal attack on the Plaintiff to cease. Each police officer was possessed with the power of his office and the power of arrest, and, indeed, the duty to protect the Plaintiff from the injuries inflicted upon him by these five police officer Defendants, working in concert to inflict serious injury and to maim the Plaintiff, and to thereafter conspire to falsely convict this Plaintiff by contriving false reports, planting evidence, intimidating the eye-witness, and to thereby deny Plaintiff meaningful access to the courts. In Federal proscriptions, the nomenclature of the acts of each of the police officer Defendants is, "Misprision of Felony," which violates Title 18 U.S.C. §4. See, also, Title 18 U.S.C. §§242-242.

17. Defendant, Michael Satz, the State Attorney for the Seventeenth Judicial Circuit of Florida, well knew that the Defendant police officers initiated this malicious prosecution upon false evidence; that they had falsified their police reports, and that they perjured their testimony to falsely convict this Plaintiff and to deny him meaningful access to the courts. Defendant Satz has refused to prosecute corrupt police officers for and during the past 30 years. Because of that policy, which has encouraged and protected such corrupt practices as in the instant case, corruption has flourished in Broward County, Florida. The United States Department of Justice and the United States Commission on Civil Rights have been asked by high officials in Broward County to investigate the practice and policy of non-prosecution of corrupt police officers (and other elite) in Broward County, Florida.

18. The Court may take judicial notice of the complaints filed in that matter at the following links, relating to Defendant Satz' policy of refusing to prosecute corrupt police officers, and simultaneously secreting Brady evidence to

perpetuate that unconstitutional policy, which establishes a two-tiered system of justice in Broward County, as alleged in these documents:

http://dl.dropbox.com/u/33693074/brady%20Howie%20finkelstein%201-19-10.pdf
February 9, 2010
http://dl.dropbox.com/u/33693074/FINKELSTEIN%20LTR%20pd_brady.pdf
Jan 12, 2010
http://dl.dropbox.com/u/33693074/brady%20Howie%20finkelstein%201-19-10.pdf
February 19, 2010
http://dl.dropbox.com/u/33693074/bacdl_response.pdf

19.     The effect of the refusal to prosecute such corruption has resulted in the State Attorney knowingly and deliberately suppressing Brady material, as noted in the links, but also in this Court's own files, where in the case of Donald Baker v. City of Hollywood, the City falsified evidence and suppressed exculpatory evidence, then the state attorney suborned the perjury of Baker's own attorney, Assistant Public Defender, Madeleine Torres, to testify falsely against Baker, her own client, to defeat habeas corpus relief in the state courts, and to maintain a Heck v. Humphries defense. Countless numbers of innocent criminal defendants in Broward have been wrongfully deprived of their lives and liberties as a direct result of that policy, which would prosecute the innocent in order to preserve the non-prosecution policy. Heck v. Humphries encourages further and more dastardly acts of corruption; the greater the corruption, the better the chance to maintain a Heck v. Humphries defense, and escape justice.

20.     Fortunately in this case, the State court judge, Dale Cohen, had the capacity to see through the corrupt actions of the within Defendants, but, still, the State Attorney has not, and will not, prosecute that corruption. This, again, was not a case of mistake; this was a deliberate beating of a citizen that the Hollywood police thought to be "homeless," just as they thought Donald Baker was homeless when they smashed his face into a concrete floor for 1:14 Secs., and caused his hospitalization in intensive care for 4 days after the beating; just as they thought Dennis Shelter (Plaintiff's friend and co-worker) to be homeless when he was brutally attacked by other Hollywood police officers on another occasion, and just as they thought that Angel Castro was homeless when other Hollywood cops assaulted him, without any just cause whatsoever. Indeed, there are hundreds of cases where the Hollywood police brutalized citizens, simply, because they were thought to be homeless, and powerless. The City maintains a policy of protecting corruption, also, and when they are caught red-handed in effecting a false arrest,

9

the city has a policy of falsifying evidence; the City ascribes a nomenclature of such falsification as, "**Doing a Little Walt Disney on the Evidence**."

21.     Proof of the Defendant City's propensity and policy of "Doing a Little Walt Disney on the Evidence" will be fully established in this case, and it will be shown to the satisfaction of this Court and the jury that the Defendants, and each of them, perfected their rendition of "Disney'ing" evidence in this case, and that the prosecution of this Plaintiff was, and is, utterly malicious, unwarranted, and based upon false evidence.


## CAUSES OF ACTION
### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

22.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

23.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States including, but not limited to:  a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from false arrest; and f) the right to just compensation for taking of property.

24.  Defendants Siple, with the assistance of the other named Defendant police officers, brutally attacked the Plaintiff in the absence of any probable cause or reasonable suspicion, whatsoever, with the intent to confine the Plaintiff; the Defendants' acts resulted in the confinement of the Plaintiff, and Plaintiff was falsely and maliciously imprisoned, and the false imprisonment of the Plaintiff resulted in a violation of Plaintiff's Fourth and Fourteenth Amendment rights.

25.     In violating Plaintiff's' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless search, and seizure of Plaintiff.  The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the gratuitous use of excessive force by

10

Defendants, in violation of Plaintiff' rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States.

26.     As a direct and proximate result of the violation of Plaintiff's constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

27.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)
### (Defendant City of Hollywood, and Defendant, Michael Satz)

28.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

29.     Defendant, City of Hollywood, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, allowing employees of the Hollywood Police Department to confront any person thought to be homeless and to exercise any brutality without lawful justification, and to use excessive force and cruelty in dealing with persons thought to be homeless.

30.     Defendant, City of Hollywood, implicitly or explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the Hollywood Police Department to confront homeless, or apparent homeless people, with the use of excessive lethal force where less severe alternatives existed, and has protected such brutality by a policy that holds that a "Citizen does not have a right to resist excessive force by a Hollywood Police officer and must fall down and curl up—" as the only means of protecting himself, and that failing that, the citizen is to be arrested upon a charge of resisting arrest or obstruction with violence and prosecuted upon false evidence as may be contrived by the police department, including "Doing a Little Walt Disney on the Evidence."

31.     The failure of the City of Hollywood to adequately train and supervise the Defendant police officers named herein amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States.

32.     The failure of the City of Hollywood to adequately train and supervise Defendant police officers, named herein, amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States.

33     As a result of this deliberate indifference to Plaintiff's rights, the Plaintiff suffered personal injuries and lost liberty and freedom and is entitled to relief under 42 U.S.C. §1983.

34.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for taking of property.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Use of Excessive Force)

35.     Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

36.     The Defendant, City of Hollywood, Florida, has adopted policies, procedures, practices or customs within the Hollywood Police Department that allow, among other things, the use of excessive force even though other more reasonable and less drastic methods are available.

37.     The actions of Defendant City of Hollywood, Florida amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38.     As a result of the deliberate indifference to Plaintiff's constitutional rights by the City of Hollywood, Florida and its agents, servants and employees, Plaintiff suffered serious personal injuries and loss of liberty and is entitled to relief under 42 U.S.C. §1983.

## COUNT IV
### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest)

39.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

40.     In committing the acts complained of herein, Defendant police officers acted under color of state law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff' right to be free from false arrest, the Defendants violated Plaintiff' rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States.

41.     As a direct and proximate result of the violation of Plaintiff's constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

## COUNT V

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Malicious Prosecution)

Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

42.     On or about, January 27, 2008, Defendant Siple caused the physical arrest of Plaintiff, Paul Gozaloff.

43.     After arresting Plaintiff Gozaloff, Siple caused the prosecution to be instituted against Plaintiff Gozaloff for the offenses of Obstruction with Violence, Possession of Xanax, and Possession of Marijuana in the Circuit and County Courts in and for Broward County, Florida.

44.     The prosecution was instituted by Siple without probable cause as to the facts recited by Petty prior to arresting Plaintiff Gozaloff. The matters known to Siple before instituting the aforementioned prosecution would not have warranted a reasonable person to believe that any criminal offense had been committed by Plaintiff Gozaloff. In the alternative, the prosecution of Plaintiff Gozaloff was instituted by Siple with no reasonable likelihood of success.

45.     Siple acted with malice in instituting the aforesaid prosecution, which is implied by the lack of probable case and/or with express malice as shown by his reckless disregard for the rights of Plaintiff, Gozaloff, and his personal animosity and hostility towards Plaintiff, Gozaloff. Further, Siple made material misstatements of fact and/or material omissions of material facts in support of the prosecution, as well as planting Xanax, alleging that he did a re-search of the Plaintiff that netted the Xanax.

13

46.     No prosecution of Plaintiff Gozaloff would have occurred but for the actions of Siple.

47.     The other Defendant police officers, Matthew Petty, Alexander Chong, William Cash, and Travis Schuller, would not have joined in on the stomping, kicking and brutality of the Plaintiff if Defendant Siple had not tackled and busted Plaintiff's head open in the first place, which gave rise to a shark-like feeding frenzy of brutality.

48.     The criminal proceeding was resolved in favor of Plaintiff Gozaloff by *nolle prosequi* entered by the Defendant State Attorney.

49.     The fact of Plaintiff Gozaloff's prosecution became known to many persons as a result of being made part of the public records of Broward County and its appearance on court documents available for public scrutiny.

50.     As a result of the aforementioned actions, Plaintiff suffered physical injury of a temporary and permanent nature, embarrassment, loss of livelihood, damage to his reputation and anxiety, all of which continue to this day and is likely to continue in the future, and he incurred attorney's fees and incidental monetary costs.

51.     This is an action for damages brought by the Plaintiff against Defendant Siple, with the cooperation and assistance of the other named Defendants, Matthew Petty, Alexander Chong, William Cash, and Travis Schuller, after a criminal proceeding was unsuccessfully commenced without Probable Cause and for a purpose other than that of bringing an alleged offender to justice.

52.     This action for malicious prosecution is the remedy for the baseless and malicious litigation brought against the Plaintiff. The other named Defendants took an active role in initiating or encouraging and assisted in the torture and beating of the Plaintiff and in filing false police reports and giving false testimony in the criminal proceedings against the Plaintiff, which concluded with the entry of the *nolle prosequi*.

**COUNT VII**
Florida Governmental Tort Liability Act
(False Imprisonment)
42 U.S.C. §1983

14

53.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

54.     Plaintiff avers that the Defendants breached a duty of care owed to Plaintiff, so as not to deprive him of his personal liberty, by intentionally restraining or detaining Plaintiff without just cause and without mittimus from a court.

55.     Plaintiff avers that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against his will through use of force for a period of close to thirty minutes.

56.     At no time during the detainment did Plaintiff resist or attempt to resist the Defendant officers, but was fully cooperating with the orders of the Defendants who had guns night-clubs, tasers, handcuffs and an array of weaponry, as well as assistance from four (4) other officers.

57.     Plaintiff avers that the Defendants are liable to him for false imprisonment.

58.     As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered serious personal injuries, emotional distress, and lost the companionship and value of his family and consortium.

## COUNT VIII
### Florida Governmental Tort Liability Act
### Florida Common Law
### (Negligence)

59.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

60.     Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

61.     In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT IX
### Florida Governmental Tort Liability Act
### Florida Common Law
### (Negligent Supervision)

62.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

63.     Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

64.     Defendant, City of Hollywood, Florida negligently supervised the named Defendants by failing to provide proper training and outline proper procedure in confronting the citizenry with civility.

65.     Michael J. Satz has implemented the two-tiered system of justice in Broward County, and maintained and maintains a policy and practice of refusing to prosecute police officers for their criminal acts of brutality and corruption, and within that policy is the concomitant necessity of suppressing exculpatory evidence to insure that the corruption will not be prosecuted.

66.     The real party in interest herein is the Defendant, City of Hollywood; however, the Chief of Police and Internal Affairs have utterly failed to train and supervise its officers and subordinates in the proper and accepted practices of law enforcement, and encouraged unconstitutional conduct on the part of the Defendants by secreting and protecting such practices and acts of corruption throughout the history of the Hollywood Police Department, which according to the Police Complaint Center has the 3rd worst record in the country for police brutality.

67.     In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT X
### Title 42 U.S.C. §1983 Conspiracy;
### Florida Governmental Tort Liability Act
### Florida Common Law
### (Conspiracy)

68.     Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

69.     The Defendants present at the aforementioned incident subsequently participated in a common design through a concert of action to protect fellow officers from criminal and/or civil liability by making overtly false statements in their reports and in their testimony regarding the circumstances surrounding the aforementioned incident.

70.     In committing the aforementioned acts, each Defendant directly and proximately injured, damaged, libeled, and caused emotional distress to the Plaintiff herein.

## COUNT XI
### Title 42 U.S.C. §1983
### Florida Common Law
### (Assault)

16

71.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

72.    Plaintiff avers that the actions of the Defendants breached a duty of care owed to Plaintiff to not assault him or cause him physical harm or injury, except to the extent allowed by law.

73.    Further, Plaintiff was slammed to the pavement, face first by Defendants, while Defendant Siple held Plaintiff's arms so that Plaintiff could not brake the fall with his hands.

74.    Further, Plaintiff was shoved into the back seat of a patrol car and left handcuffed and on his back for more than twenty minutes, in fear.

75.    As a direct and proximate result of the acts of the Defendants, Plaintiff suffered both physical and mental injuries and is entitled to relief.

## COUNT XII
## Title 42 U.S.C. §1983
### Florida Common Law
Art. I, § 23, Fla. Const.
### INVASION AND DEPRIVATION OF RIGHT OF PRIVACY

76.    To prevail upon a state constitutional claim for invasion of his right to privacy, Plaintiff must prove "governmental intrusion" into his private life. See Art. I, § 23, Fla. Const. "A 'governmental intrusion' action is ex hypothesis an action against the government rather than against a private person." Tucker v. Resha, 634 So.2d 756, 759 (Fla. 1st DCA 1994).

77.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

78.    No greater deprivation of the constitutional right of privacy may occur than where the government, through its agents, acting under color of law, deprives a citizen of his rightful liberty and enjoyment of life, by incarcerating him in the absence of any probable cause or reasonable suspicion, whatsoever.

79.    For the reasons hereinabove set forth, Plaintiff claims just compensation for the deprivation of his liberty, the torture of his body, and the invasion and deprivation of his Right of Privacy by the Defendants.

## PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands:

1.    That process issue to the Defendants and that they be required to answer in the time allowed by law.

17

2.    That judgment be rendered in favor of the Plaintiff and against the Defendants, and each of then, jointly and severally on all causes of action asserted herein.

3.    That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; loss of consortium, legal, medical and psychological expenses, both past and future.

4.    That Plaintiff be awarded punitive damages against the Defendants.

5.    That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6.    That the Plaintiff receive any other further and general relief to which it may appear he is entitled.

7.    A jury for the trial of this cause.


UNDER PENALTIES OF PERJURY, I declare that I have read the foregoing Complaint on January 26, 2012, and that the facts and allegations set forth therein are true and correct. This alternative oath is presented pursuant to Ch. 95.525, Florida Statutes.


Respectfully submitted,


Paul Gozaloff
4157 S.W. 4th Street
Plantation, FL 33317

Tel: (954) 533-0539
pgozaloff@gmail.com

18