UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   12-60138-CIV-Williams

PAUL GOZALOFF,

      Plaintiff

v.

CITY OF HOLLYWOOD, et. al.,

      Defendants

_____/

## MOTION TO DISMISS
## BY DEFENDANT MICHAEL J. SATZ

DEFENDANT, MICHAEL J. SATZ (SATZ), by and through his undersigned counsel, pursuant to Rules 12(b)(1), and 12(b)(6), Fed. R. Civ. P., and Rule 7.1, S.D. Fla. L.R., files this his Motion to Dismiss the complaint (DE 1) for failure to state a claim under which relief may be granted, and in support thereof, states as follows:

### Introduction

Pro se Plaintiff PAUL GOZALOFF (GOZALOFF) brings an action against the CITY OF HOLLYWOOD (HOLLYWOOD), several individual police officers employed by the city[1], and Michael J. SATZ, individually and in his official capacity as the State Attorney for the 17th Judicial Circuit.[2]   The Complaint consists of 101 paragraphs,[3] which attempt to assert 11 counts and 7

---

[1]   The individual police officers are Co-Defendants Joseph SIPLE, Alexander CHANG, Matthew PETTY, Travis Schuller, and William CASH.
[2]   DE 1, Parties at Para. 8
[3]   DE 1 consists of a rambling collection of statements numbered 1-7 on pages 2-3.   Page 3

1

demands for relief against 7 defendants,[4] predicated on Civil Rights violations, and Florida common law negligence, of which only Count II (Failure to implement appropriate policies, customs and practices) and Count IX (Negligent supervision) appear to involve any allegations directed to Defendant SATZ.[5] Notably, every single count in the Complaint is predicated on the identical factual allegations contained in paragraphs 1-21 of the Statement of Facts. Although some of the remaining counts are ostensibly directed at "Each Defendant" or "the Defendants" they include no factual allegations to identify any involvement on the part of Defendant SATZ to bring him within the coverage of those claims.   However, in the event that the court finds that those claims arguably extend to Defendant SATZ, they too are being addressed herein.

## I. Allegations in the complaint

1.      The events giving rise to this action stem from the Plaintiff's arrest on January 27, 2008 when he went looking for a friend and became involved in a police-involved traffic investigation.[6]  He alleges that the officers used undue force,[7] planted evidence of narcotics,[8] and then contrived their reports of the incident to fabricate charges against him.[9]   This altercation was

---

begins a re-numbered section with 8 items describing the defendants, followed by a Statement of Facts which are numbered 1-21. The individual counts begin on page 10, and are numbered with paragraphs 22-79.  The Complaint concludes with a section entitled "Prayers for Relief" which contains 7 demands. The prayers for Relief do not identify which relief is requested as to which Count.

[4]     Although the counts are numbered up to Count XII, there are only 11counts; there is no Count VI.

[5]     Count II is based on allegations involving the failure to implement appropriate policies, customs and practices; and Count IX which is predicated on negligent supervision and an alleged two-tiered prosecution system. Count VIII is ostensibly predicated on common law negligence and is directed to "Each Defendant" is asserted against Hollywood and SATZ.

[6]     DE 1, Statement of Facts, at ¶¶ 1 and 4

[7]     DE 1, Statement of Facts at ¶4

[8]     DE 1, Statement of Facts at ¶5

[9]     DE 1, Statement of Facts at ¶ 7

witnessed by the citizen who was being issued a traffic citation.[10]

2.      When his case reached court, Judge Cohen suppressed the evidence, having discredited the police officers' testimony as contradictory, while having found the Plaintiff's testimony quite credible.[11]

3.      The Plaintiff obtained a favorable resolution in the criminal case when Defendant SATZ's office entered a *nolle prosequi*.[12]   Notwithstanding this outcome, Plaintiff alleges that Defendant SATZ utilizes a two-tiered system of justice" whereby he refuses to prosecute police officers and other "connected" individuals absent  those rare instances of public outcry, but that minority and everyday citizens who are "powerless", must instead bear the brunt of selective prosecution, including cases that are based on false evidence.[13]

4.      Plaintiff's Complaint vaguely alleges that he has suffered damages and demands various forms of relief, including but not limited to damages for punitive damages.[14]

## II. Memorandum of Law

### A.   Standard for review

On a motion to dismiss, the Court must assume the truth of the factual allegations in a complaint and construe them in the light most favorable to the plaintiff.[15]  The complaint must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[16]

---

[10]    DE 1, Statement of Facts at ¶ 6
[11]    DE 1, Statement of Facts at ¶ ¶ 7 and 8
[12]    DE 1, Statement of Facts at ¶ ¶14 and 48
[13]    DE 1, Statement of Facts, at 8
[14]    DE 1, Prayers for Relief at 3 and 4
[15]    *Harper v. Thomas*, 988 F.2d 101, 10 3 (11th Cir. 1993)
[16]    *Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 –

The Court must indulgently examine a *pro se* pleading, holding it to a less stringent standard than an attorney-drafted pleading. [17]   But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."[18] In addition, a Court may not expand the claims pleaded by a *pro se* plaintiff nor infer claims other than those that plainly appear on the face of the complaint.[19]

Notwithstanding the latitude afforded *pro se* litigants, the basic pleading requirements of Rule 8, Fed.R.Civ.P., cannot be ignored.   Notably, that Rule 8(a)(1) requires, "a short and plain statement of the grounds for the court's jurisdiction", and subsection (a)(2), which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief". Given these requisites, the Plaintiff's Complaint must be dismissed.

**As to Counts II and IX**

**B.   Plaintiff's Complaint fails to demonstrate the threshold requirement of an actual case or controversy which is needed to invoke the court's jurisdiction**

The caption of Count II clearly indicates it is directed to Co-Defendant City of Hollywood, and to Defendant SATZ.   However, beyond the re-alleged and incorporated general allegations that support every single other count, Count II contains no further mention of Defendant SATZ and is instead focused on alleged training and supervision deficiencies of Co-Defendant City. Therefore, the only allegations supporting Count II against Defendant SATZ are those alleging the "two-tiered" justice system that favors the powerful and unduly burdens the every-day person. Included in the Plaintiff's definition of the favored powerful class are corrupt police officers and

---

46 (1957))
[17]    *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
[18]    *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).
[19]    *GJR Invs., v. County of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998)

4

the wealthy and politically connected, who easily escape prosecution.[20] The non-favored class consists of,

> All others, including the homeless, the poor, the black, and those without power will be subject to prosecution, even though the prosecution is known to have been brought upon false and altered evidence, and in that event, the police and the agencies bringing such charges on such corrupt evidence will be protected by the secreting of any exculpatory evidence.[21]

What is notable about these classifications is that the Plaintiff does not fall within his own self-described victimized class of everyday citizens, because as clearly stated in his Complaint, the Plaintiff's criminal case was *nolle prossed* by Defendant SATZ's office. Thus the Plaintiff lacks standing because there is no actual case or controversy.

It is well-established in American jurisprudence that a plaintiff seeking to invoke the jurisdiction of a federal court must demonstrate the existence of an actual case or controversy in order to establish standing.[22] This requires that the plaintiff show "he has suffered an 'injury in

---

[20] DE 1, at Parties Para. 8, Statement of Facts at Para 17, 18 and 19

[21] DE 1, at III.B. Para. 8

[22] *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669 (1974)(a complaint from 19 residents failed to meet the threshold requirement of Art. III, because none of the individual plaintiffs had sustained nor were in danger of sustaining the injuries alleged in the complaint. They brought suit against a county magistrate and an associate judge, alleging the defendants were engaged in a pattern and practice of illegal bond setting, sentencing and jury fee practices, but none of the named plaintiffs had themselves suffered the specified injuries. Thus the alleged harm was too remote to satisfy the requirement of an actual case or controversy.); *Whitmore v. Arkansas*, 495 U.S. 149, 110 S.Ct. 1717 (1990) (third-party death row inmate could not meet his burden of demonstrating the court's jurisdiction where he had only a generalized interest in another death row inmate's sentence, and therefore lacked standing to challenge the other inmate's sentence.); *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission*, 226 F.3d 1226 (11th Cir. 2000) (Indian tribe failed to allege a particularized injury to itself and therefore lacked standing where it challenged the Florida Commission's threats to boxing officials if they declined a state assignment to accept an assignment with the Miccosukee Commission. However, the tribe did have standing to challenge the state Commission's attempt to tax promoters on revenues gained from boxing matches that were conducted on the reservation because it implicated the tribe's right of self-governance.)

fact', which is concrete in both a qualitative and temporal sense."[23]  "[T]o satisfy the injury prong of Article III standing, a plaintiff must 'present specific, concrete facts showing that the challenged conduct will result in a demonstrable, particularized injury to the plaintiff."[24]  This requires that the plaintiff show *that he, himself, has suffered* a "distinct and palpable" injury, that is not merely abstract.[25]

Applying this standard to the case at hand, it is clear that Plaintiff does not, and cannot, meet the basic requirement of standing because there is no actual case or controversy regarding the "two-tiered" justice system he accuses Defendant SATZ of maintaining.   By his own admission, the State Attorney's Office *nolle prossed* his case.[26]  Therefore, the Plaintiff was never subjected to the "two-tiered system" of which he complains.   To the contrary, he received the very benefit (non-prosecution) that he complains is only afforded to police officers, the wealthy and other "connected" individuals.   Having not suffered the very injury of which he complains, Plaintiff has no "distinct and palpable" injury on which to confer standing.

Plaintiff arguably tries to bolster his position by bootstrapping a reference to some other case involving Co-Defendant HOLLYWOOD (*Donald Baker v. City of Hollywood*). He claims that the *Baker* case similarly involved the presentation of false evidence in the cases of "countless numbers of innocent criminal defendants in Broward".[27]  However, aside from the lack of any citation to this case or judicial findings that would be remotely persuasive herein, simply on the comparison Plaintiff tries to make, his claim must fail for the reasons set forth in *Whitmore v.*

---

[23]    *Whitmore*, 110 S.Ct. at 1720
[24]    *Miccosukee Tribe*, 226 F.3d at 1229 (internal citations omitted)
[25]    *Whitmore*, 110 S.Ct. at 1723 (internal citations omitted)
[26]    DE 1, Statement of Facts at 14; see also, Count V at ¶¶ 48 and 52
[27]    DE 1, Statement of Facts at Para. 19

*Arkansas*.  In *Whitmore*, one inmate on death row sought to challenge the sentence of another death row inmate.  In its ruling, the Supreme Court explained that the plaintiff did not have standing because the Article III "case or controversy" requirement was not met.[28]  Simply put, one inmate's sentence was not a "distinct and palpable" injury to another inmate.  The same applies here.  Plaintiff Gozaloff lacks standing to assert his claim as to any alleged "two-tiered" justice system from which he was not injured.  Plaintiff never suffered any injury from this alleged system, nor can he bootstrap an argument from anyone else.

**C.   Defendant SATZ is entitled to absolute prosecutorial immunity**

The law is well-established that prosecutors performing their prosecutorial duties are entitled to absolute immunity from suit under § 1983.[29]  Prosecutorial duties are determined by using a functional approach to determine whether the actions fall within those that are integral to the judicial process.  One such integral component is the prosecutorial decision of which cases to bring forward for prosecution.  The determination of which cases to prosecute and which cases to decline falls squarely within a prosecutor's duties and is protected by absolute immunity from civil rights claims.[30]

---

[28]   *Whitmore*, 110 S.Ct. 1717, 1723

[29]   See, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976)(prosecutor who acted within scope of his duties in presenting a case was absolutely immune from § 1983 action); *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984)(dismissal of civil rights action affirmed where action alleged improprieties of perjured testimony and withholding evidence by prosecutor during initiation of prosecution and presentation of state's case).  See also, *Koubriti v. Convertino*, 593 F.3d 459 (6th Cir. 2010)(those functions that are integral to the judicial process, such as the use of false testimony or the non-disclosure of exculpatory evidence, have absolute immunity from civil suit)

[30]   See, *Bryant v. Mostert*, 636 F.Supp.2d 1303 (M.D. Fla. 2009)(a prosecutor's actions as to whether or not prosecute a case is within the prosecutor's scope of duties therefore providing absolute immunity from an individual capacity suit under §1983); see also, *Botello v. Gammick*, 413 F.3d 971 (9th Cir. 2005)(prosecutors had absolute immunity for refusal to prosecute a case or

The "two-tiered system" alleged in the Complaint is nothing more than an attack on the decision of which cases to bring forward for prosecution.   Even taking the substance of Plaintiff's allegations as true, this claim is completely devoid of legal merit.

In support of his claim Plaintiff also argues that prosecutions are undertaken based on fabricated evidence, perjured testimony and the willful suppression of exculpatory evidence.[31] On this basis as well, Defendant SATZ is entitled to absolute immunity. The allegations concerning the presentation of improper evidence involve actions that fall explicitly within the judicial function that gives rise to prosecutorial immunity from a civil rights suit.[32]

Therefore on these allegations, Plaintiff cannot prevail, and Defendant SATZ is entitled to absolute immunity.

## D.   Eleventh Amendment immunity bars any damage claims against Defendant SATZ in his official capacity

The complaint presents official capacity claims for monetary relief to which Defendant SATZ is entitled to 11th Amendment immunity. Plaintiff included his demand for relief in a general section entitled Prayers for Relief, which demands, *inter alia*, damages for physical and mental pain, suffering and treatment, legal expenses, and punitive damages.[33]   However, the 11th Amendment is an absolute bar to a suit for damages against a State or its agencies in federal court when the action "is in essence one for the recovery of money from the state."[34]

---

class of cases);   *Beck v. Plymouth County Superior Court,* 511 F.Supp. 2d 203 (Mass. D.C. 2007)(prosecutorial immunity includes decisions as to whether or not to initiate a prosecution and such claims were properly dismissed)
[31]    DE 1, Statement of Facts at ¶¶ 17 and 19
[32]    *Fullman*, 739 F.2d 553; *Koubriti*, 593 F.3d 459
[33]    DE 1 at pages 17-18
[34]    *Edelman v. Jordan*, 415 U.S. 651, 672 (1974) (citations omitted). *See also, Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 65 (1996) (Eleventh Amendment reflects the "fundamental

Defendant SATZ, as the state attorney, is an arm of the state and as to official capacity claims seeking money damages under § 1983, he is entitled to 11th Amendment immunity.[35]

Therefore, on this basis as well, Defendant SATZ is entitled to immunity.

## E.   Individual capacity claims

Plaintiff brings suit against Defendant SATZ in both his individual and his official administrative capacity as Broward County's State Attorney.[36]   However, there are no allegations setting forth any claims that would give rise to a claim against Defendant SATZ in his individual capacity. Given the complete dearth of any allegations supporting a claim against Defendant SATZ in his individual capacity, the Complaint is properly dismissed for failure to state a cause of action in compliance with the pleading requirements of Rule 8(a)(1) and (2).

On a substantive level, the individual capacity claims against Defendant SATZ must be dismissed to the extent they rely on a theory of *respondeat superior*.  The Complaint fails to articulate a single action by Defendant SATZ demonstrating any personal participation in the actions giving rise to this Complaint. Thus it would appear that the Complaint is premised on Defendant's SATZ's role as a supervisor overseeing a staff that includes assistant state attorneys. However, the Eleventh Circuit has made it clear that supervisory officials are not liable under 42 U.S.C. § 1983 for unconstitutional acts of subordinates on the basis of *respondeat superior* or vicarious liability.[37]  A supervisory defendant is liable only if he "personally participated in the

---

principle of sovereign immunity [that] limits the grant of judicial authority in Article III of the U.S. Constitution"); *Manders v. Lee*, 338 F.3d 1304, 1308 n.8 (11th Cir. 2003) (en banc) (Eleventh Amendment bars damage suits brought in federal court against an "arm of the State" (citations omitted).

[35]   *Cyber-Zone E-Café, Inc., v. King*, 782 F.Supp.2d 1331 (M.D. Fla. 2011)

[36]   DE 1 at page 1

[37]   *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

allegedly unconstitutional conduct or if there is 'a causal connection between [her] actions . . . and the alleged constitutional deprivation.'"[38]

Given the lack of any such allegations, on this basis as well, the Complaint must be dismissed to the extent that it attempts to impose vicarious liability on Defendant SATZ for the actions of subordinates in his office.

### F.   Plaintiff's claim of Negligent Supervision under Florida tort law fails to state a claim on which relief can be granted

As to a claim based on Defendant SATZ's official capacity

Plaintiff's Count IX is premised on negligent supervision under Florida's Governmental Tort Liability Act. Although no statutory reference is provided in the Complaint, Florida's limited waiver of sovereign immunity is found at § 768.28, Florida Statutes. It is only within this statutory framework that an action in tort may be brought against a state agency.

Notably, Florida also recognizes its own absolute immunity afforded to state prosecutors engaged in the performance of their functions.   As explained in *Berry v. State*, a state attorney's "exercise of his prosecutorial duties qualifies as a discretionary governmental function the performance of which is not affected by the statute waiving sovereign immunity."[39]   Accordingly, on the negligence claim as well, Defendant SATZ is immune from suit because sovereign immunity has not been waived.

In the alternative, even if Plaintiff were to assert that sovereign immunity had been waived for prosecutorial functions, the claim for Negligent Supervision must still be dismissed.   To the extent that the action is alleged against Defendant SATZ in his official capacity, the Negligent

---

[38]   *Cottone*, 326 F.3d at 1360
[39]   *Berry v. State*, 400 So.2d 80, 84 (Fla. App. 4th DCA 1981)

10

Supervision claim of Count IX under Florida's common law fails to allege compliance with the pre-suit notice provisions of Section 768.28(6)(a), Florida Statutes. A negligence claim against a state attorney in his official capacity must be dismissed when the plaintiff has failed to comply with this condition precedent.[40]

Furthermore, to the extent that Plaintiff is asserting this claim based on Defendant SATZ's official capacity, he still fails to state a claim as the Complaint does not allege any facts (nor can it) of a particularized duty owed to Plaintiff.   Absent such duty, there is only a general duty of care which does not create a cause of action in tort.[41]

### As to a claim based on Defendant SATZ's individual capacity

Conversely, the Complaint also fails to articulate any basis for suit against Defendant SATZ in his individual capacity.   Notably, no individual officer, employee or agent "shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event or omission of action in the scope of her or his employment or function, unless … [he or she] acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property".[42]  Plaintiff fails to assert any factual allegations against Defendant SATZ that would support individual liability as to this claim.

---

[40]   *Hansen v. State*, 503So.2d 1324 (Fla. App. 1st DCA 1987)(claims against state agents in their official capacity were barred by the failure to comply with the pre-suit written notice of claim)
[41]   *State, Office of the State Attorney for 13th Judicial Circuit, v. Powell*, 586 So.2d 1180 (Fla. App. 2d DCA 1991)(witness who appeared in court under subpoena at insistence of state attorney's office and was set on fire by her husband, was not owed a particularized duty of care that would give rise to a cause of action in tort)
[42]   Section 768.28(9)(a)

**G.  The remaining claims which are directed in general to "the Defendants" or to "all Defendants" fail to state a claim on which relief can be granted as to Defendant SATZ**

As to the remaining counts that vaguely reference "the Defendants" or "all Defendants", the Complaint fails to allege any facts whereby those claims would apply to Defendant SATZ. Notably, those counts all seem to relate to the circumstances surrounding the Plaintiff's initial arrest and detention. However, to the extent Plaintiff argues that Defendant SATZ was nevertheless included in those claims, they are properly dismissed because they fail to comply with the pleading requirements of Rule 8(a)(2) which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief". Without any factual allegations setting forth Defendant SATZ's involvement in the underlying situation, the Complaint fails to demonstrate any entitlement to relief and is therefore properly dismissed.

As noted in the Introduction, every single Count of the Complaint is premised on the identical factual allegations found in paragraphs 1-21 which are incorporated into each Count, regardless of the nature of the Count or the defendant involved.  Furthermore, the Complaint begins with two pages of text consisting of a rambling collection of statements with no known purpose, and is concluded with seven demands for relief with no indication as to which defendant or which cause of action they apply. This type of pleading is deficient as a "shotgun pleading" which has been condemned by the 11th Circuit.[43] Therefore on this basis as well, the Complaint against Defendant SATZ is properly dismissed.

---

[43]    *PVC Windoors, Inc., v. Babbitbay Beach Constr., N.V.,* 598 F.3d 802 (11th Cir. 2010)(where each count incorporated the allegations of each of the prior counts amounting to an "amalgamation of all counts", it was a typical shotgun pleading which contains factual allegations that are not material to the various causes of action being asserted).   But see, *Innocent v. Wachovia Mortgage Corp.,* 2012 WL 602129 (N.D. Ga. 2012)(an amended complaint with only 2 counts and 2 requests for relief, that was not rambling or incomprehensible, was not a prohibited shotgun pleading)

WHEREFORE, for the foregoing reasons, Defendant Michael J. SATZ moves to dismiss the complaint.

Respectfully Submitted,

PAMELA JO BONDI
FLORIDA ATTORNEY GENERAL


/s/ *Mimi V. Turin*
Mimi V. Turin (Fla. Bar. 846351)
Assistant Attorney General
*Board Certified in City, County & Local Government Law*
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Mimi.Turin@myfloridalegal.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are authorized to receive electronically Notices of Electronic Filing.


/s/ *Mimi V. Turin*
Mimi V. Turin
Assistant Attorney General

13

<u>SERVICE LIST</u>
Paul Gozaloff v. City of Hollywood, et al,
Case No.: 0:12-CV-60138-kmw
United States District Court, Southern District of Florida

Jeffrey Shefnel
City Attorney
Tracy A. Lyons
Assistant City Attorney
City of Hollywood
2600 Hollywood Boulevard
Suite 407
Hollywood, FL   33020
 [Via CM/ECF]

Paul Gozaloff
Pro Se Plaintiff
4157 SW 4th Street
Plantation, FL 33317
[Via U.S. Mail]

14